UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLOBAL ASSOCIATION OF RISK
PROFESSIONALS, INC.,

                Plaintiff,

                v.

GLOBAL INSTITUTE OF FINANCIAL
PROFESSIONALS,

                Defendant.

Case No. 21-CV-5207 (PKC)

## ~~(PROPOSED)~~ PROTECTIVE ORDER

      WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

      ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

      1.    Any party or non-party providing discovery in this action, whether formally or informally ("producing party"), may designate as "CONFIDENTIAL" and subject to this protective order (the "Order") any provided information, document, or thing, or portion of any document or thing: (a) that contains sensitive, proprietary, non-public, classified, restricted, secret, research, development, and/or commercial information (including financial and business information) that the producing party (or any predecessor in interest to a producing party) regards as confidential. CONFIDENTIAL material as used in this Order shall refer to the original and copies of any so designated document, testimony, or other discovery material and shall also refer to the information contained in such material. All notes, extracts and summaries of CONFIDENTIAL material shall be considered CONFIDENTIAL material and be subject to the terms of this Order. Any party to this litigation or any non-party covered by this Order, who produces or discloses any CONFIDENTIAL material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or similar designation: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

      2.    In designating information as CONFIDENTIAL, a producing party shall make such a designation only as to material that such producing party believes constitutes such material as matter used by it in, or pertaining to, its business, and that when produced in the context of this litigation: (a) may be deemed material that is not generally known or otherwise available to the

1

public, (b) may be deemed material that the party or non-party would normally not reveal to third parties or would cause third parties to maintain in confidence, or (c) may be deemed material otherwise entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.

3. Any producing party may designate as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" any discovery material that such producing party reasonably believes is so highly sensitive that its disclosure would provide a business, financial, or competitive advantage to any recipient and/or cause business, financial or competitive harm to the producing party. HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information includes: information that qualifies as trade secrets within the meaning of the Uniform Trade Secrets Act, as defined under the Defend Trade Secrets Act of 2016, in particular 18 USC § 1839 (3), and/or under any applicable state law; highly sensitive financial, business, or competitive information; highly sensitive non-public patent prosecution materials; and other information with a similar degree of confidentiality and value. HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material as used in this Order shall refer to the original and copies of any so designated document, testimony, or other discovery material and shall also refer to the information contained in such material. All notes, extracts and summaries of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material shall be considered HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material and be subject to the terms of this Order. Any party to this litigation or any non-party who is covered by this Order, who produces or discloses any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the following or similar designation: "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY" or "AEO" or "ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER."

4. In designating information as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, a producing party shall make such a designation only as to highly sensitive material that such producing party in good faith believes constitutes such material as matter used by it in, or pertaining to, its business, and that: (a) is material that is not generally known or otherwise available to the public, (b) is material that the producing party would normally not reveal to third parties or would cause third parties to maintain in confidence, or (c) is material otherwise entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.

5. In the event any party disagrees at any time with a producing party's designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, such party shall provide to the producing party written notice of its disagreement with the designation and its basis therefor. The producing party shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved within ten (10) business days of receipt of the challenging party's written notice, the party challenging the designation may then request appropriate relief from the Court. The producing party who made the designation shall

have the burden of proving that information has been properly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

6. Discovery material designated CONFIDENTIAL shall be maintained in confidence by the party or authorized person to whom such material is produced or given and may be disclosed only to the following persons:

    a. The Court and Court personnel, provided that any written submission to the Court that discloses CONFIDENTIAL information shall be marked "CONFIDENTIAL" " (or a similar designation as provided in this Order) and shall be filed under seal as set forth in Paragraph 18 of this Order;

    b. Outside counsel of record, employees of such outside counsel who are working under the direct supervision of such outside counsel, and outside vendors including court reporters, stenographers, videographers and providers of copying, coding, digitizing, translation and/or trial support services for such outside counsel;

    c. In-house attorney or other in-house representative employed by any party, or a parent or subsidiary of a party, who is actively working on or are responsible for this case, and such person's assistants and secretaries working under the direct supervision of such person;

    d. Non-party experts or other consultants who are not employed by a party and who are expressly engaged to provide expert testimony in this matter or to assist in discovery and/or preparation of this matter for trial, with disclosure only to the extent necessary to perform such work, provided that each such person has signed the undertaking annexed at Exhibit A;

    e. Any person who clearly appears on the face of the material, or is established from other documents or testimony, to have prepared or received the material;

    f. Any other person as to whom the producing party agrees in writing in advance of any disclosure; and

    g. Any arbitrator, mediator, neutral, or other third-party engaged jointly by the parties to facilitate negotiated resolution of this action, and any secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing.

7. Discovery material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be maintained in confidence by the party or authorized person to whom such material is produced or given and may be disclosed only to the following persons:

      a.    The Court and Court personnel, provided that any written submission to the Court that discloses HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall be marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or a similar designation as provided in this Order) and shall be filed under seal as set forth in Paragraph 18 of this Order;

      b.    Outside counsel of record, employees of such outside counsel who are working under the direct supervision of such outside counsel, and outside vendors including court reporters, stenographers, videographers and providers of copying, coding, digitizing, translation and/or trial support services for such outside counsel;

      c.    Non-party experts or other consultants who are not employed by a party and who are expressly engaged to provide expert testimony in this matter or to assist in discovery and/or preparation of this action for trial, with disclosure only to the extent necessary to perform such work, provided that each such person has signed the undertaking annexed at Exhibit A;

      d.    Any person who clearly appears on the face of the material, or is established from other documents or testimony, to have prepared or received the material;

      e.    Any other person as to whom the producing party agrees in writing in advance of any disclosure; and

      f.    Any arbitrator, mediator, neutral, or other third-party engaged jointly by the parties to facilitate negotiated resolution of this action, and any secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing.

      8.    No designation of documents, including the papers served and/or filed in this case, as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall be effective unless there is placed or affixed on such material, prior to its production, an appropriate designation as set forth in Paragraphs 1 and 3 of this Order. In the event that a producing party inadvertently fails to stamp or otherwise designate a document or other information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY at the time of its production, it may be corrected by written notification to the other party or its counsel (as appropriate) and provision of a copy of such document or information bearing the appropriate designation, and the receiving party shall return or destroy the undesignated document or information and all copies thereof. Authorized recipients of such document or information shall not be responsible for any otherwise proper actions they took with respect to such document or information before receiving notice of the designation.

      9.    Testimony given at a deposition or hearing (including exhibits) may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by an

appropriate statement on the record at the time of the giving of such testimony or by written notice given within fourteen (14) days after receipt of the transcript by the counsel for the party whose CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material was disclosed at the deposition or hearing. During the 14-day review period, the transcript, including exhibits, shall be deemed HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. If there is no statement on the record designating the transcript or any portion of the transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, and if no such designation is made within the 14-day review period, the transcript shall not be considered CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

10. All material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be used solely for the prosecution or defense of the claims in this action and shall not be used for any business, commercial, competitive, personal or other purpose, including patent prosecution. Counsel of record and the parties hereto shall take reasonable steps necessary to maintain such CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material in confidence and prevent persons from using, disclosing, or recording the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material for any other purpose.

11. All CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material shall be stored securely and its custodians shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such material as is exercised by the receiving party with respect to its own proprietary information, but no less than a reasonable standard of due and proper care, and shall be responsible for preventing any disclosure of such material, except in accordance with the terms of this Order. Whenever CONFIDENTIAL or HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY materials are sent to another party by email, the sender will endeavor to include CONFIDENTIAL DOCUMENT PRODUCTION or HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY DOCUMENT PRODUCTION in the subject line of such email, provided that a failure to do so shall not constitute a waiver or otherwise relieve the receiving party from the obligations of this Order.

12. After a final resolution of this case from which no further appeal can be taken, the receiving party shall return to the producing party any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material, and all copies, , or the receiving party's counsel shall certify in writing that such material has been destroyed within 30 days after the final termination of the case. The obligation on outside counsel to maintain the confidentiality of material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to this Order shall be deemed continuing.

13. The restrictions set forth in this Order shall not apply to material that may have been produced in discovery in this lawsuit and designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY if that material: (a) was, is, or becomes public knowledge, not in violation of this Order; (b) is lawfully acquired by the receiving party from a third party having the right to disclose such information or material independent of the producing party; or (c) was lawfully possessed by the receiving party prior to entry by the Court of this Order.

14. Notwithstanding any other provision of this Order, at a deposition or trial in this action: (a) a present employee of a party may be examined and may testify concerning all CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material produced by that party; (b) any other witness may be examined and may testify concerning any document containing CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information of a producing party that clearly appears on its face or from other documents or testimony to have been prepared by, received by, known by or communicated to the witness. Whenever a deposition taken on behalf of any party involves a disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information of any party, the producing party shall have the right to exclude from attendance at said deposition, during such time as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information is to be disclosed, any person other than the person(s) agreed upon pursuant to Paragraphs 6 and 7 of this Order.

15. Each person who receives any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material in accordance with any provision of this Order hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceeding relating to the performance under, compliance with, or violation of, this Order.

16. Any party may at any time seek modification of this Order or may challenge the propriety of a designation by agreement or, failing agreement, by motion to the Court, pursuant to any applicable rules.

17. The provisions of this Order shall apply to non-parties who produce confidential information, formally or informally, in response to a subpoena or otherwise, and who in good faith believe that such material contains confidential information ("producing non-party"). Any party to this action may designate information produced by the producing non-party as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY within ten (10) business days of receipt of such information. During the 10-day period, such information shall be deemed HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material. If no such designation is made within the ten-day period, such information shall not be considered to contain CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material.

18. Notwithstanding the designation of information as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in discovery, the parties are obligated to

comply with the procedures for filing documents under seal, pursuant to the Individual Rules and Practices of Judge P. Kevin Castel, and Section 6 of the Electronic Case Filing Rules & Instructions for the United States District Court, Southern District of New York.

19. This Order is not binding on the Court or Court personnel. The Court reserves the right to amend this Order at any time.

20. With respect to privilege logs, neither party need list any communications between a party and its legal counsel from the filing date of the action and thereafter.

21. The inadvertent production of privileged or work-product protected documents, electronically stored information or information is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502. If a producing party claims that it inadvertently produced in discovery information that is subject to a claim of privilege, work product, or trial-preparation material, the parties shall comply with the requirements of Federal Rule of Civil Procedure 26(b)(5)(B).

22. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced shall be considered as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, and shall be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party shall, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials with the appropriate confidentiality marking.

23. Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

24. Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, provided that the contents and/or substance of the designated information shall not be disclosed.

25. Nothing herein shall be construed to prevent disclosure of information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY if such disclosure is required by law or by order of the Court.

SO STIPULATED AND AGREED.

Dated: November 23, 2021

| | |
|---|---|
| _[signature]_____ | /s/ Paul L. Fraulo_____ |
| COWAN, LIEBOWITZ & LATMAN, P.C. | BOCHNER IP, PLLC |
| Kieran G. Doyle | Andrew D. Bochner, Esq. |
| Dasha Chestukhin | Paul L. Fraulo, Esq. |
| 114 West 47th Street | 295 Madison Avenue |
| New York, New York 10036 | 12th Floor |
| | New York, New York 10017 |

**SO ORDERED.**

_[signature: P. Kevin Castel]_
_____
United States District / ~~Magistrate Judge~~

Dated: This 23 Day of November, 2021

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLOBAL ASSOCIATION OF RISK PROFESSIONALS, INC.,<br><br>        Plaintiff,<br><br>     v.<br><br>GLOBAL INSTITUTE OF FINANCIAL PROFESSIONALS,<br><br>        Defendant. | Case No. 21-CV-5207 (PKC) |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

  I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY ("Confidential Discovery Material"). I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation, I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:_____    Signature:_____

                 Printed Name:_____