# BOCHNERIP

295 Madison Avenue, 12th Floor
New York, New York 10017

serge@bochnerip.com
Tel: 646.971.0685

April 4, 2022

**VIA ECF**

Hon. Judge P. Kevin Castel
United States District Judge
U.S. District Court, S.D.N.Y.
United States Courthouse
Courtroom 11D
500 Pearl Street
New York, New York 10007

> Application DENIED. Plaintiff is seeking sanctions for Mr Hines's non-appearance at his deposition in a motion filed in the E.D. Va. that it seeks to have transferred to this Court. The Court notes that if either party seeks an adjournment of the dates in this Court's Case Management Plan and Scheduling Order, it should consult with opposing counsel and it then may make application to the Court by a simple letter motion. Mr. Hines's several reasons for non-appearance are central to the matter. This was far from the gratuitous insertion of collateral material.
>
> SO ORDERED.
> Dated: New York, NY
> 4/4/2022
>
> */s/ P. Kevin Castel*
> P. Kevin Castel
> United States District Judge

Re:  *Global Association of Risk Professionals v. Global Institute of Financial Professionals*, No. 21-cv-05207-PKC-KHP
<u>Emergency Motion to Seal and Motion for Sanctions</u>

Dear Judge Castel,

    We represent Defendant Global Institute of Financial Professionals ("Defendant"). This past Friday night, April 1, 2022, Plaintiff Global Association of Risk Professionals ("Plaintiff") filed a letter regarding a motion it filed in the Eastern District of Virginia, ECF 64, attempting to enforce a subpoena issued to Defendant's trademark prosecution counsel, and non-party, Mr. Jay Hines, Esq. (the "Letter"). In the Letter, in an apparent effort to embarrass Mr. Hines, Plaintiff gratuitously disclosed—on the public docket—Mr. Hines' confidential medical condition. Letter at 1 (second paragraph). Common decency, as well as the law of this Circuit, requires Mr. Hines' confidential medical condition to be sealed. *See, e.g.*, *Spring v. Allegany-Limestone Cent. Sch. Dist.*, No. 14-CV-476S, 2021 WL 4166628, at *1 (W.D.N.Y. Sept. 14, 2021) ("[C]ourts in this circuit regularly allow medical records to be filed under seal, finding that parties have a strong privacy interest in their medical information."); *Toolasprashad v. Toolasprashad*, No. 21CV4672RPKJRC, 2021 WL 4949121, at *3 (E.D.N.Y. Oct. 25, 2021) ("[C]ourts in this Circuit routinely seal medical records . . . to protect the plaintiff's privacy interest in those records."); *Martins v. Mickens*, No. 18-CV-3615 (EK) (ST), 2020 WL 4041131, at *2 (E.D.N.Y. July 17, 2020) (*sua sponte* sealing medical records and ordering parties and ordering counsel not to re-file such records); *McGuirk v. Swiss Re Fin. Servs. Corp.*, No. 14-cv-9516, 2015 WL 13661685, at *1 (S.D.N.Y. Mar. 30, 2015) ("Medical information is among the types of information often made subject to a sealing order."); *Dilworth v. Goldberg*, No. 10–CV–2224 JMF, 2014 WL 3798631, at *2 (S.D.N.Y. Aug. 1, 2014) ("Exhibits S, T, and Z were properly redacted, as they comprised Plaintiff's private medical records.").

    There was absolutely no reason for Plaintiff to include Mr. Hines' highly personal medical information in a letter in which it did not even ask the Court for any relief. And even if Plaintiff had asked the Court for relief, it could have easily done so under seal to protect

Mr. Hines' privacy. *See* Individual Practices of Judge P. Kevin Castel ¶ 5.B; *In re Electronic Filing Under Seal in Civil and Miscellaneous Cases*, 19-mc-00583 (Dec. 19, 2019); Electronic Case Filing Rules & Instructions, section 6. *See also* Local Civil Rule 5.2, Committee Note ("[B]efore filing a letter via ECF, parties should consider whether the letter contains information about settlement discussions or personal information (**including medical information** regarding a party or counsel) that **should not be in the public file**") (emphases added).

Plaintiff has also disclosed the same information in the Virginia litigation. Its disclosure in Virginia, Mr. Hines' home state, is similarly improper.

Defendant respectfully moves the Court, on emergency basis,[1] to seal the Letter and order Plaintiff to contact all third party docket services including but not limited to PACER Pro, CourtDrive, RECAP, Docketbird, Bloomberg Law, and Docket Alarm, to ensure that such services have removed the Letter from their databases. As Defendant has not yet retained local counsel for the Virginia litigation, Defendant also respectfully requests that the Court order Plaintiff to seal any filings that reference Mr. Hines' condition in that Court.

**Sanctions**

Defendant respectfully requests that Plaintiff be sanctioned for its outrageous conduct in gratuitously sharing Mr. Hines' medical condition with the public. Plaintiff was clearly aware that the condition described in its Letter is a serious medical condition. Neither Defendant nor Mr. Hines suggested to Plaintiff that it was free to share Mr. Hines' private medical information with the world by filing it on the public docket. And Plaintiff knows that people keep such conditions private, only sharing them with close friends and family. This was no oversight and the Court should make it clear that federal courts should not be used as a tool to embarrass people by sharing their private medical information discovered in litigation.

Defendant appreciates the Court's time and consideration of this emergency motion.

Respectfully submitted,

/s/ Serge Krimnus
Andrew D. Bochner, Esq.
Serge Krimnus, Esq.
Paul L. Fraulo, Esq.
*Counsel for Defendant*

---

[1] Defendant makes its motion on an emergency basis since, the longer the Letter is accessible to the public, the more difficult it will be to truly remove the content of the Letter from the public domain.