Apex Attorneys at Law, LLP
3150 Crow Canyon Place, Suite 150
San Ramon, CA 94583
Tel. 408.647.5296   Fax. 408.458.2551
robert.xu@apex-attorneys.com

Apex Attorneys at Law

**May 26, 2022**

VIA ECF

Hon. Judge P. Kevin Castel
United States District Judge
U.S. District Court, S.D.N.Y.
Courtroom 11D
500 Pearl Street
New York, New York 10007

Letter application (Doc 99) is DENIED.
SO ORDERED.
Dated: 10/26/2022

P. Kevin Castel
United States District Judge

Re:   Global Association of Risk Professionals v. Global Institute of Financial Professionals, No. 21-cv-05207-PKC-KHP

<u>Re the Ruling on May 24, 2022</u>

Dear Judge Castel:

    We represent Defendant Global Institute of Financial Professionals ("Defendant"). The Final Pre-Trial Conference is scheduled for July 28, 2022 at 11:00 a.m.

    During the hearing on May 24, 2022, the Court held that the service of the subpoena was effective and denied the motion to quash. Upon careful reading of the transcript, the Defendant respectfully disagrees with the ruling. Despite the disagreement, Defendant, Mr. Jay Hines, and the Plaintiff have agreed to conduct the deposition on Friday May 27, 2022, which will proceed unless otherwise directed by this Court.

    Rule 45(b)(1) states that "Serving a subpoena requires delivering a copy to the named person AND, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." (emphasis added)

    Thus, service of a subpoena requires serving <u>both the subpoena and the witness fee</u> for the service to be complete. See *In re Air Crash at Charlotte*, 982 F. Supp. 1092, 1100-01 (D.S.C. 1997) (finding invalid a subpoena that was sent by facsimile and without a mileage or witness fee check).

    *Bierman Family Farm, LLC. v. United Farm Family Ins. Co.* Civil Action No. ADC-17-0004, pg 4 (D. Md. Aug. 2, 2017) (the Court finds that the subpoena was not properly served in accordance with Rule 45(b)(1) because Defendant failed to tender the required witness and mileage fees upon service).

*CF & I Steel Corp. v. Mitsui & Co. (U.S.A.)*, 713 F.2d 494, 496 (9th Cir. 1983) (The attendance and mileage fees must be tendered at the time the subpoena is served.)

*In re Dennis*, 330 F.3d 696, 704-05 (5th Cir. 2003). (The conjunctive form of the rule indicates that proper service requires not only personal delivery of the subpoena, but also tendering of the witness fee and a reasonable mileage allowance. "[T]he plain meaning of Rule 45[(b)(1)] requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena." Id. The courts uniformly agree with this interpretation of rule 45(b)(1), as do the leading treatises on civil procedure.)

The service on March 4, 2022 at the office of Mr. Hines was obviously ineffective because that did not reach Mr. Hines.

Then on or about March 11, 2022, Mr. Hines' assistant scanned and sent the first page of the subpoena to Mr. Hines, and the Court treated that as an effective service of the subpoena, but it is not. The law requires <u>both the subpoena and the statutory witness fee</u>. The scanned first page of the subpoena is an incomplete service because it did not transmit the witness fee. Because the service is incomplete, it could not have been effective.

The evidence also shows that Mr. Hines did not go to the office and pick up the subpoena and the check until sometime after March 21, 2022, when the subpoena had expired. When he did see the check, it was made out to Leo Gureff, so he could not cash it anyway. Therefore, the service of the subpoena was never complete and never effective.

The power to subpoena is a great power given to attorneys through Rule 45, but it is a limited power and not a blank check. The statutory witness fee written in the law is for the protection of the people and is designed to prevent exactly the situation in this case.

Defendant appreciates the Court's time and consideration. Thank you.

Respectfully submitted,

/s/  Yue Xu/

Yue "Robert" Xu, Esq.
*Counsel for Defendant*