UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------
GLOBAL ASSOCIATION OF
RISK PROFESSIONALS, INC.,                                                        21-cv-5207 (PKC)

                        Plaintiff,                                                        ORDER

        -against-

GLOBAL INSTITUTE OF
FINANCIAL PROFESSIONALS,
                        Defendant.
-------------------------------------------------------

CASTEL, U.S.D.J.

        Plaintiff Global Association of Risk Professionals, Inc. ("GARP") moves to strike certain direct testimony of witnesses, exhibits and other materials that were assertedly submitted by defendant Global Institute of Financial Professionals ("GIFP") past the Court Ordered deadline. The motion will be denied in substantial part.

        Direct testimony by affidavit saves the Court and the parties time in the presentation of testimony at a bench trial. The requirement in the undersigned's Individual Practices applies "unless otherwise ordered" and only to witnesses under a party's control. It places no limitation on the scope of cross examination nor on the ability to conduct a redirect examination.

        In a bench trial not using this device, direct testimony is presented in real time. An attorney conducting a direct examination may modify his or her examination, spontaneously adding new areas of relevant inquiry as he or she chooses. There is no requirement that the precise contours of the direct examination be supplied in advance. These circumstances counsel in favor of a modicum of flexibility in the use of direct testimony in written form.

The Court on May 11, 2022, entered a revised scheduling order ("May 11 Order") on trial submissions as follows:

> Plaintiff's direct testimony by affidavit, trial brief, and any other motions are due May 20, 2022 (single consolidated trial brief and brief in support of motions may be up to 40 pages in length).
>
> Defendant's direct testimony by affidavit, trial brief, and any other motions and response to plaintiff's motions are due June 20, 2022 (single consolidated trial brief and brief in support of defendant's motions and in oppositions to plaintiff'[s] motions may be up to 60 pages in length).
>
> Plaintiffs' reply in further support of its motions and in opposition to defendants' motions due July 20, 2022 (single consolidated brief may be up to 30 pages in length).
>
> Defendant may reply on plaintiff's motion by July 29, 2022 (brief may be up to 10 pages in length).

(ECF 74 (footnote omitted).)  The Court set no limits on the number or length of testimonial submissions or exhibits.

GARP and GIFP timely filed their trial submissions.  In the case of GIFP, it included a declaration from its CEO Fiona Zhou, setting forth her direct testimony.  (ECF 113.) Eleven days later, GIFP filed a second declaration from Ms. Zhou adding many exhibits, an attorney's declaration from Yue Xu, a new exhibit list and a supplemental brief.  (ECF 115-117.)

The Court conducted a Final Pre-Trial Conference on July 28, 2022, at which it entered the proposed Joint Pre-Trial Order with certain slight amendments.  (ECF 127.)  At the conference, counsel for GARP noted certain anomalies in GIFP's filings that formed a basis for its evidentiary objections.

Ms. Nancy Mertzel, a member of the bar of this Court, entered a notice of appearance for GIFP two days before the Final Pre-Trial Conference and, within a week of the Conference, submitted a letter to the Court "in further support of its request for leave to revise its

2

trial declarations and exhibits to address Plaintiff's objections to Defendant's exhibits . . . ." (ECF 130.) GARP objected, arguing that "[i]n essence, GIFP is seeking a do-over on its submission of evidence when the deadline has long passed." (ECF 129.)

The Court granted GIFP leave to file revised declarations and exhibits by August 12, 2022, without prejudice to a motion to strike by GARP. (ECF 132.) The Court gave GARP until September 9 to submit rebuttal evidence to GIFP's revised declarations and exhibits.

On August 12, GIFP filed a further revised declaration of Ms. Zhou and a declaration of attorney Yue Xu placing certain documents before the Court. (ECF 137-38.)[1] Thereafter, GARP filed its motion to strike. (ECF 145.) GARP argues that GIFP's missteps have already caused it to incur additional attorneys' fees and the Court should hold GIFP to the deadlines set in the May 11 Order. (ECF 146 at 5-10.)

With regard to the Zhou declaration and exhibits, the purported prejudice comes principally from the delay and not from the substance of the declaration. GARP asserts that certain statements are untrue, but those statements will be tested on cross-examination. The Court will allow the declaration of August 12 to stand as Ms. Zhou's direct testimony. The first two declarations are stricken as direct testimony but may be used by GARP on cross examination.

Unlike Ms. Zhou, no declaration of any kind was submitted for the testimony of attorney Xu by the original June 20, 2022 deadline. Moreover, it does not appear that Xu, a California attorney who first appeared in this action on May 13, 2022, has personal knowledge of any matter relevant to this action. The purpose of the August 12 Xu declaration appears to be to place USPTO documents into the record, place a demonstrative exhibit before the Court and

---

[1] Xu's declaration was refiled on August 17, 2022, with corrected versions of two exhibits. (ECF 141.)

withdraw two exhibits as duplicative of that which had been included as part of a deposition designation. The declaration is stricken without prejudice to any argument GIFP wishes to make about the admissibility of the evidence by way of judicial notice or otherwise.

With regard to the revised exhibit list, all but three of the exhibits were identified in the prior exhibit list or in GIFP's Supplemental Trial Brief filed before the June 20 deadline. The Court will allow the exhibit list to stand subject to argument at trial on the exhibits not identified by June 20.

The Court will hear further argument as to DX 57, a purported "corrected" version of the declaration of P. Jay Hines. The Court will deny the motion to strike DX 57 without prejudice to renewal at trial.[2]

The Court declines to strike any portion of GIFP's trial briefs because they are argument, not evidence.

The Court has considered "the danger of prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993). Because cross-examination and rebuttal evidence cure the danger of genuine prejudice, because GIFP acted with reasonable promptness and because no trial date has been set and thus judicial proceedings are only minimally impacted, these three factors weigh in favor of GIFP. The delay has not been adequately explained but appears to have been within GIFP's control. Because there is no evidence that the delay in filing was to gain a tactical advantage, the Court presumes good faith.

---

[2] If Hines does not appear at trial for cross examination, the declaration would likely be inadmissible hearsay.

4

CONCLUSION

The motion to strike is DENIED without prejudice to renewal as to exhibits not identified before June 20, 2022, and the Hines declaration; it is GRANTED as to the Xu declaration. The Clerk shall terminate the motion. (ECF 145.)

Trial of the action is set for May 9, 2023, at 10 a.m. in Courtroom 11D.

SO ORDERED.

P. Kevin Castel<br>
United States District Judge

Dated: New York, New York<br>
       January 12, 2023